IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY COSTON,           Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 14-00430-N |
| SERGIO ANIBAL LOBOS DE LOS SANTOS and OSCAR LOBOS,           Defendants. | ) ) ) ) | |

## ORDER

The Plaintiff has filed a motion to compel and deem facts admitted. (Doc. 38). The motion represents that the Plaintiff propounded interrogatories and requests for production on Defendant Sergio Anibal Lobos De Los Santos ("De Los Santos") on May 1, 2015, and requests for admissions on De Los Santos on May 28, 2015. On June 30, 2015, counsel for the Plaintiff sent counsel for De Los Santos a letter requesting responses to his discovery requests. Counsel for De Los Santos responded July 6, 2015, that he would need additional time to complete the responses. Plaintiff's counsel sent De Los Santos's counsel a follow-up letter on July 17, 2015, but received no response. On July 23, 2015, Plaintiff's counsel inquired, through email, when counsel for De Los Santos was planning to send his client's discovery responses. De Los Santos's counsel responded that same day, representing: "I am working on my folks." On August 12, 2015, Plaintiff's counsel made a fourth attempt to obtain discovery responses, emailing De Los Santos's counsel to ask for responses by Friday, August 14, 2015, noting that depositions were scheduled August 20 and expressly saying that he was "trying to work with you

and avoid filing any motions…" De Los Santos's counsel responded that same day, saying: "I will work to try and have responses to you next Friday[,]" August 21.

The Plaintiff filed the instant motion (Doc. 38) on Thursday, August 13, 2015. De Los Santos has today filed a response (Doc. 39) indicating that De Los Santos "is not a U.S. citizen and does not speak English" and "is not easily located." Despite his previous representations to Plaintiff's counsel that he would try to have responses by August 21, counsel for De Los Santos now requests twenty-one days (i.e. until September 4) to provide responses. The Plaintiff has filed a reply (Doc. 40) to the response opposing De Los Santos's request for more time and providing additional detail in support of his initial motion.

The Court agrees that the Plaintiff has waited long enough for discovery responses. Counsel for De Los Santos agreed to the tight discovery deadline of this action and agreed that responses to interrogatories, requests for admission, and requests for production of documents within 30 days of service. (*See generally* Doc. 21 (Parties' Joint Planning Report); Doc. 30 (Scheduling Order)). Though apparently long aware of the potential difficulty of getting in touch with De Los Santos, his counsel never previously brought these concerns to the Court or moved for extra time to respond. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3). Instead, in response to Plaintiff's counsel's repeated requests for discovery responses, counsel for De Los Santos only offered vague, unspecified assertions that he was working towards getting them.

However, it is apparent that, even if so ordered, counsel for De Los Santos

likely will not be able to produce the requested discovery from his client in time for the August 20 depositions.  Accordingly, the Court will not order De Los Santos's discovery responses to be produced by then.  Moreover, the Court is not convinced that the harsh sanction of deeming the Plaintiff's unanswered requests for admission to De Los Santos admitted under Rule 36(a)(3) is warranted at this time.

Accordingly, it is **ORDERED** that the Plaintiffs motion to compel and deem facts admitted (Doc. 38) is **GRANTED in part** and **DENIED in part**.  Specifically, his request that facts be deemed admitted under Rule 36(a)(3) is **DENIED**.  His request to compel disclosures and discovery under Federal Rule of Civil Procedure 37(a) is **GRANTED**, such that De Los Santos must serve the Plaintiff with responses to all outstanding discovery requests no later than **Friday, August 28, 2015**.

Federal Rule of Civil Procedure 37(a)(5)(A) provides:

If [a] motion[ to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

   **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

   **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or

   **(iii)** other circumstances make an award of expenses unjust.

Upon consideration, it is **ORDERED** that, no later than **Monday,**

3

**September 7, 2015**, the Plaintiff shall file and serve any briefing and materials he deems necessary for the Court to determine an award of "reasonable expenses" incurred in bringing the motion to compel.[1]  De Los Santos may file and serve a response to the Plaintiff's briefing and materials, including any argument why an award of reasonable expenses should not be ordered, no later than **Monday, September 14, 2015**, after which the matter will be taken under submission. Once the matter is taken under submission, no further submissions related to the issues raised may be filed unless the proponent obtains leave of court for good cause shown.

    **DONE** and **ORDERED** this the 17th day of August 2015.

                                       */s/ Katherine P. Nelson*
                                       **KATHERINE P. NELSON**
                                       **UNITED STATES MAGISTRATE JUDGE**

---

[1] The failure to do so will be deemed a waiver of any entitlement to such an award.